UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMY VAN, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-01403-DJC-CKD PS<br><br><br>ORDER |

　　　　Plaintiff, Eugene E. Andreyev, proceeds without counsel and seeks relief for an alleged violation of his federal civil rights based on the seizure of his vehicle and its contents.[1] Plaintiff's complaint filed on July 13, 2023 (ECF No. 1), is before the court for screening. As set forth below, the allegations in the complaint do not state a claim, but plaintiff is granted 30 days from service of this order to file an amended complaint.

　　　　Plaintiff has also filed an application in support of a request to proceed in forma pauperis. (ECF No. 2.) The application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis is granted.

////

---

[1] This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

I. **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

II. **Plaintiff's Allegations**

City of Citrus Heights police officers "and a chief" towed plaintiff's car. (ECF No. 1 at 3.) This happened without giving plaintiff a chance to take it off the street "within 72 hours as

1  California law allowed" and instead of giving the car to plaintiff's friend "as [was] promised[.]"
2  (Id. at 3, 5.) Plaintiff was "locked up in jail for over a month[.]" (Id. at 3.) When plaintiff was
3  released, the car was already sold. (Id.) Plaintiff's tools for doing construction and car repair were
4  in the car. (Id.)

5  Plaintiff alleges a violation of his federal civil rights based on the seizure of personal
6  property, loss of the vehicle, and loss of items in the vehicle. (ECF No. 1 at 4.) The defendants
7  named in the complaint are the City of Citrus Heights City Clerk, two police officers, and the City
8  of Citrus Heights Chief of Police. (Id. at 2.)

**III.     The complaint fails to state a claim.**

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The court considers below whether plaintiff has alleged an unreasonable seizure under the Fourth Amendment or a violation of procedural due process under the Fourteenth Amendment so as to meet the first essential element for a claim under the Civil Rights Act.

**A.     Fourth Amendment**

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). The impoundment of plaintiff's vehicle was a seizure within the meaning of the Fourth Amendment.

Police officers are permitted to impound vehicles pursuant to the community caretaker exception to the Fourth Amendment. South Dakota v. Opperman, 428 U.S. 364, 368 (1976). Whether a vehicle may be impounded under the community caretaking doctrine "depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." United States v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008); Hallstrom v. Garden City, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993)

1  (upholding the towing of a car from a public parking lot following the driver's arrest pursuant to
2  the community caretaking exception of the warrant requirement).

3  Here, plaintiff alleges the impoundment occurred without giving plaintiff a chance to take
4  the car off the street "within 72 hours as California law allowed" and without giving the car to
5  plaintiff's friend "as [was] promised[.]" (ECF No. 1 at 3, 5.) "The reasonableness of any
6  particular governmental activity does not necessarily or invariably turn on the existence of
7  alternative 'less intrusive' means." Colorado v. Bertine, 479 U.S. 367, 373 (1987) (quoting
8  Illinois v. Lafayette, 462 U.S. 640, 647 (1983)). This means that police have no Fourth
9  Amendment obligation to offer a driver an opportunity to avoid impoundment. Bertine, 479 U.S.
10 at 373 (rejecting argument that the Fourth Amendment required police to give opportunity to
11 make other arrangements).

12 Even if, as plaintiff alleges, California law allowed for plaintiff's vehicle to remain where
13 it was for up to 72 hours, and even if, as plaintiff alleges, an officer promised some alternative to
14 impoundment plaintiff, the allegations in the complaint do not state a claim for a violation of
15 plaintiff's rights under the Fourth Amendment. The complaint does not describe any
16 circumstances suggesting impoundment was inconsistent with the community caretaking function
17 in this instance. Plaintiff has not pleaded any facts that plausibly suggest the seizure was
18 unreasonable. Under Opperman, "[t]he authority of police to seize and remove from the streets
19 vehicles impeding traffic or threatening public safety and convenience is beyond challenge." 428
20 U.S. at 369; see also Hallstrom, 991 F.2d at 1478 n.4.

21 **B.  Fourteenth Amendment**

22 In addition to the impoundment of the vehicle, plaintiff challenges his loss of the vehicle
23 and its contents. The Fourteenth Amendment prohibits any state from depriving "any person of
24 life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1.
25 Determination of what process is due is a fact-specific inquiry requiring consideration of three
26 factors:

27 > [1] the private interest that will be affected by the official action; [2]
> the risk of an erroneous deprivation of such interest through the
28

4

> procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [3] the Government's interest…

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

As to the sale of plaintiff's vehicle and plaintiff's additional loss of the vehicle's contents, even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Ninth Circuit has held that "California Law provides an adequate post- deprivation remedy for any property deprivations" by public officials. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); see Cal. Gov't Code § 810 et seq. ("Government Claims Act"). Accordingly, no claim lies under the Fourteenth Amendment for the loss of plaintiff's property. See Hudson, 468 U.S. at 534-35 (the availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy for both negligent and intentional deprivation of property); Daniels v. Williams, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis omitted).

### IV.     Conclusion and Order

The complaint fails to state a claim for a violation of plaintiff's federal civil rights and must be dismissed. Plaintiff is granted leave to file an amended complaint within the time frame set forth below. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a) (Leave to amend should be "freely given when justice so requires.").

If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. If plaintiff elects to file an amended complaint, the complaint should allege in specific terms how each named defendant is involved in the alleged violations.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim.

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  September 7, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Andreyev23cv1403.scrn