UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>    Plaintiff,<br><br>    v.<br><br>AMY VAN, et al.,<br><br>    Defendants. | No. 2:23-cv-01403-DJC-CKD PS<br><br><br><br>ORDER |

Plaintiff Eugene E. Andreyev proceeds without counsel and seeks relief for alleged violations of his rights based on the seizure of his vehicle.[1] The first amended complaint is before the court for screening. (ECF No. 4.) The amended complaint does not state a claim because plaintiff does not allege the defendants did not have a warrant to seize his vehicle. Plaintiff is granted another opportunity to file an amended complaint within 30 days of the date of this order.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

(2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122.

**II.     Plaintiff's Allegations**

On August 3, 2022, plaintiff parked his car on the side of the road near residential houses and where many other citizens park their vehicles. (ECF No. 4 at 6.) On the same day, Officer Klockenbrink, Officer Jackson, and Chief Turcotte of the Citrus Heights Police Department seized plaintiff's vehicle. (Id. at 5-6.)

Plaintiff's car was registered in the State of California. (ECF No. 4 at 6.) Neither plaintiff nor his car had been involved in any traffic violations. (Id.) Citing section 22651 of the California

Vehicle Code, plaintiff alleges all citizens may park their registered vehicles for up to 72 hours in residential neighborhoods and only after 72 hours may a parked vehicle be towed. (Id. at 6-7.)

Plaintiff is Russian and has a Russian last name. (Id. at 7.) Plaintiff feels he was treated unequally and discriminated against by the defendants because there were many other vehicles parked on the same street where plaintiff parked his car which were not seized. (Id.)

Plaintiff wrote a civilian complaint regarding the seizure of his vehicle. (ECF No. at 6.) Chief Turcotte wrote to plaintiff that the incident had been investigated and provided to him for final review, but plaintiff never heard back about the Chief's decision. (Id. at 7.)

### III.  Discussion

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff adequately alleges the defendant police officers and chief acted under color of state law in seizing his vehicle. The court considers whether plaintiff has adequately alleged a violation of his federal rights.

#### A.  Fourth Amendment

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).

"A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions. The burden is on the Government to persuade the district court that a seizure comes under one of a few specifically established exceptions to the warrant requirement." United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citations omitted).

////

Police officers are permitted to impound vehicles pursuant to the community caretaker exception to the warrant requirement. South Dakota v. Opperman, 428 U.S. 364, 368 (1976); Hallstrom v. Garden City, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (upholding the towing of a car from a public parking lot following the driver's arrest pursuant to the community caretaking exception). Whether a vehicle may be impounded under the community caretaking doctrine "depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." United States v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008); United States v. Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012); Miranda, 429 F.3d at 862; Gonzalez-Tzita v. City of Los Angeles, No. CV 16-194-GHK (EX), 2016 WL 11518619, at *4 (C.D. Cal. May 3, 2016) (collecting cases that have held the government must provide testimony or other extrinsic evidence to prove the community caretaking exception applies in the absence of allegations that justify the application of the exception).

In addition, California Vehicle Code section 22650 provides as follows:

> Any removal of a vehicle is a seizure under the Fourth Amendment of the Constitution of the United States and Section 13 of Article I of the California Constitution, and shall be reasonable and subject to the limits set forth in Fourth Amendment jurisprudence. A removal pursuant to an authority, including, but not limited to, as provided in Section 22651, that is based on community caretaking, is only reasonable if the removal is necessary to achieve the community caretaking need, such as ensuring the safe flow of traffic or protecting property from theft or vandalism.

Cal. Veh. Code § 22650(b). This subsection "affirms the purpose of the community caretaking exception[.]" See Fitzpatrick v. City of Los Angeles, No. EDCV-21-6841-JGB-SPX, 2022 WL 4474452, at *5 (C.D. Cal. Sept. 16, 2022), appeal dismissed, No. 22-55884, 2022 WL 18028538 (9th Cir. Nov. 10, 2022).

Liberally construing the complaint's allegations, plaintiff alleges his vehicle was seized under the community caretaking exception to the Fourth Amendment's warrant requirement under circumstances not necessary to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft. However, the complaint does not allege the defendants did

4

not have a warrant to seize the vehicle. Because plaintiff may be able to state a claim with the allegation of additional facts, plaintiff is granted a further opportunity to amend.

### B.     Fourteenth Amendment

Plaintiff does not have a cognizable due process claim under the Fourteenth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989) (holding claim of unreasonable seizure arises under Fourth Amendment, not substantive due process). California provides a meaningful post-deprivation remedy for the loss of property by deprivations of public officials. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); see Cal. Gov't Code § 810 et seq. ("Government Claims Act"). Even unauthorized and intentional deprivations of property do not constitute a violation of procedural due process if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The amended complaint also does not state an equal protection claim. To state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Here, plaintiff alleges he is Russian, has a Russian last name, and that many other cars were parked on the same street and not seized. Otherwise, the allegations of discrimination rest solely on plaintiff's speculation, which is insufficient to state a claim. The amended complaint does not plead any facts suggesting the owners of the other cars were "similarly situated" to plaintiff such that the difference in treatment could be susceptible of an inference of discriminatory intent. See Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Twombly, 550 U.S. at 555-57 (2007); see also Iqbal, 556 U.S. at 678; Todd v. Briesenick, No. 13–CV–0753 (KJM)(KJN), 2013 WL 2151658, at *5 (E.D. Cal. May 16, 2013) (granting motion to dismiss where "plaintiff [did] not provide

specific facts, beyond mere speculation, supporting his claims that defendants treated him differently from similarly situated persons").

### IV. Conclusion and Order

The first amended complaint does not state a claim for a violation of plaintiff's Fourth Amendment rights based on the seizure of his vehicle because plaintiff does not allege the defendants did not have a warrant to seize the vehicle. Plaintiff is granted leave to file a further amended complaint within the time frame set forth below. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a) (Leave to amend should be "freely given when justice so requires.").

An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. If plaintiff elects to file an amended complaint, the complaint should allege in specific terms how each named defendant is involved in the alleged violations.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 4) is dismissed for failure to state a claim.

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: January 5, 2024

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

8
Andreyev23cv1403.scrn.fac