UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>    Plaintiff,<br><br>    v.<br><br>AMY VAN, et al.,<br><br>    Defendants. | No. 2:23-cv-01403-DJC-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Eugene E. Andreyev, proceeds without counsel and seeks relief for an alleged violation of his federal civil rights based on the seizure of his vehicle.[1] Plaintiff's second amended complaint is before the court for screening. (ECF No. 6.) The second amended complaint states a claim under the Fourth Amendment. By separate order, the undersigned will order that the second amended complaint be served on defendants Turcotte, Klockenbrink, and Jackson. By these findings and recommendations, the undersigned recommends plaintiff's claims alleging violations of the Fourteenth Amendment and any claims against defendant Van be dismissed without further leave to amend, and that this case proceed solely on the alleged Fourth Amendment violation by defendants Turcotte, Klockenbrink, and Jackson.

---

[1] This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

## I. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122.

## II. Plaintiff's Allegations

On August 3, 2022, plaintiff parked his car on the side of the road where many other cars were parked. (ECF No. 6 at 4, 6-7.) On the same day, Citrus Heights Police Department Officer

Klockenbrink, Officer Jackson, and Chief Turcotte seized plaintiff's vehicle without a warrant. (Id. at 6.) Plaintiff was not involved in any traffic violations that day. (Id.)

Plaintiff is Russian. (ECF No. 6 at 6-7.) An unidentified officer used a fake Russian accent when talking to plaintiff, but plaintiff later heard the officer speaking perfect English without the fake accent. (Id.) Plaintiff does not currently know that officer's name.

### III.  Discussion

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff adequately alleges the defendant police officers and chief acted under color of state law in seizing his vehicle. The court considers whether plaintiff has adequately alleged a violation of his federal rights.

#### A.  Fourth Amendment

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).

"A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions. The burden is on the Government to persuade the district court that a seizure comes under one of a few specifically established exceptions to the warrant requirement." United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citations omitted).

Police officers are permitted to impound vehicles pursuant to the community caretaker exception to the warrant requirement. South Dakota v. Opperman, 428 U.S. 364, 368 (1976); Hallstrom v. Garden City, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (upholding the towing of a car from a public parking lot following the driver's arrest pursuant to the community caretaking

3

exception). Whether a vehicle may be impounded under the community caretaking doctrine "depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." United States v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008). The government bears the burden of showing that a warrantless impoundment of a vehicle is justified by the community caretaking exception to the Fourth Amendment's warrant requirement. United States v. Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012); Miranda, 429 F.3d at 862; Smith, 522 F.3d at 315 ("we judge the constitutionality of a community caretaking impoundment by directly applying the Fourth Amendment which protects people 'against unreasonable searches and seizures.' U.S. Const. Amend. IV.").

Liberally construing the complaint and its allegations, the court infers plaintiff is alleging that defendants Klockenbrink, Jackson, and Turcotte seized his vehicle under the community caretaking exception to the Fourth Amendment's warrant requirement under circumstances not necessary to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft.[2] Based on the facts alleged in the complaint, the court cannot determine the reasonableness of this seizure allegedly made under the community caretaking doctrine. In the absence of allegations that justify the application of the exception, it is the defendants' burden to prove the community caretaking exception applies. See, e.g., Gonzalez-Tzita v. City of Los Angeles, No. CV 16-194-GHK (EX), 2016 WL 11518619, at *4 (C.D. Cal. May 3, 2016) (collecting cases and noting courts in the Ninth Circuit have suggested the government must provide testimony or other extrinsic evidence to prove the community caretaking exception applies in the absence of allegations that justify the application of the exception).

Because the second amended complaint states a claim against the defendants under 42 U.SC. § 1983 based on an alleged violation of plaintiff's rights under the Fourth Amendment, the court will order service of the complaint on the defendants Klockenbrink, Jackson, and Turcotte by separate order. As set forth below, however, no other claims of violations of plaintiff's civil

---

[2] A reasonable inference is that plaintiff was arrested near the site of his parked car. In the original complaint, plaintiff alleged he was held in jail for a month and that when he was released, the car had been sold. (See ECF No. 1 at 6.)

rights are cognizable.

### B.     Fourteenth Amendment

As set forth in the court's prior order screening the original complaint, plaintiff does not have a cognizable due process claim under the Fourteenth Amendment. (ECF No. 3 at 4-5.) California provides a meaningful post-deprivation remedy for the loss of property by deprivations of public officials. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); see Cal. Gov't Code § 810 et seq. ("Government Claims Act"). Even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Therefore, the amended complaint fails to state a claim for a due process violation.

Plaintiff also alleges he was discriminated against on the basis of being Russian. However, the allegations fail to state an equal protection claim.

To state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must generally show the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

Here, an unspecified officer allegedly used a fake Russian accent when speaking with plaintiff. Plaintiff also alleges many other cars were parked on the same street and not seized. However, the amended complaint does not plead any facts suggesting the owners of the other cars were "similarly situated" to plaintiff such that the difference in treatment could be susceptible of an inference of discriminatory intent. See Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Twombly, 550 U.S. at 555-57 (2007); see also Iqbal, 556 U.S. at 678; Todd v. Briesenick, No. 13–CV–0753-KJM-KJN, 2013 WL 2151658, at *5 (E.D. Cal. May 16, 2013) (granting motion to dismiss where "plaintiff [did]

not provide specific facts, beyond mere speculation, supporting his claims that defendants treated him differently from similarly situated persons"). Plaintiff does not identify any similarly situated individuals or instances where a similarly situated individual was treated differently. Without facts showing that other individuals who were in all relevant respects like plaintiff were treated more favorably without a rational basis, the amended complaint does not state a claim for relief on equal protection grounds.

### IV. Conclusion and Recommendation

The second amended complaint states a claim for a violation of plaintiff's Fourth Amendment rights based on the seizure of his car. By separate order, the court will order service of the complaint on the defendants pertaining to plaintiff's Fourth Amendment unreasonable seizure claim.

For the reasons set forth above, the second amended complaint does not state a claim under the Fourteenth Amendment. Because plaintiff has twice been granted leave to amend and has not stated a cognizable claim under the Fourteenth Amendment, it appears further lave to amend would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Thus, this case should proceed only on plaintiff's claim alleging a violation of his Fourth Amendment rights.

In accordance with the above, IT IS RECOMMENDED that plaintiff's claims alleging violations under the Fourteenth Amendment and plaintiff's claims against defendant Van be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 13, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Andreyev23cv1403.2ac.fr