UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>          Plaintiff,<br><br>     v.<br><br>AMY VAN, et al.,<br><br>          Defendants. | No. 2:23-cv-1403-CKD (PS)<br><br><br>ORDER |

Plaintiff Eugene Andreyev proceeds without counsel and seeks relief under 42 U.S.C. § 1983. Plaintiff's motion to compel (ECF No. 24) pertaining to his discovery request for body-worn camera footage is before the court. For the reasons set forth below, the court grants in part the motion to compel, requiring evidence pertaining to the search for the footage, and vacates the hearing set to take place on August 20, 2025.

**I.     Background**

Plaintiff filed the operative second amended complaint ("SAC") on February 1, 2024. (ECF No. 6.) The court determined the allegations state a claim for a violation of plaintiff's Fourth Amendment rights in connection with the seizure of his vehicle. Plaintiff proceeds against defendants Turcotte, Klockenbrink, and Jackson of the Citrus Heights Police Department.

On January 27, 2025, the court issued a pretrial scheduling order pursuant to which the parties were to complete all discovery by July 23, 2025. (ECF No. 23 at 2.) The court informed

1

1  the parties that "[c]ompleted" means (1) all discovery shall have been conducted so that all

2  depositions have been taken and (2) any disputes related to discovery shall have been resolved by

3  appropriate order if necessary[.]" (Id.)

4      On March 14, 2025, plaintiff timely served a written discovery request titled "Plaintiff's

5  Request for [Admission] Set One to Defendants[.]" (ECF No. 24-1.) On July 18, 2025, plaintiff

6  filed the motion to compel presently before the court. (ECF No. 24.) The parties filed their joint

7  statement on August 4, 2025. (ECF No. 26.)

8      **II.**    **Legal Standards**

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. …

13  Fed. Rule Civ. P. 26(b)(1).

14      "A party may serve on any other party a request within the scope of Rule 26(b)… to

15  produce and permit the requesting party or its representative to inspect, copy, test, or sample

16  [items including documents and videos] in the responding party's possession, custody, or

17  control[.]" Fed. R. Civ. P. 34(a).

18      When a party fails to provide discovery and the parties' attempts to resolve the dispute

19  without court intervention are unsuccessful, the opposing party may seek an order compelling that

20  discovery. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of

21  establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Louisiana Pac.

22  Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing

23  Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). In turn, the party opposing the

24  discovery "has the burden of showing that discovery should not be allowed, and also has the

25  burden of clarifying, explaining and supporting its objections with competent evidence." Id.

26  (citing DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

27  ////

28  ////

### III. Discussion

Plaintiff seeks to compel defendants to produce the body-worn camera footage from both Officer Jackson and Klockenbrink recorded during plaintiff's August 3, 2022 arrest. (ECF No 24 at 3.) In the alternative, plaintiff requests the court "[o]rder Defendants to confirm under oath if either video does not exist or was destroyed[.]" (Id.)

Plaintiff argues the single video produced thus far shows footage from only one officer, yet incident reports confirm the presence of multiple officers on scene and the department's policies require every officer to wear and activate a body camera during enforcement encounters. (ECF No. 26 at 2.) Plaintiff believes the missing footage would show one of the officers mocking his Russian language and argues it is relevant to his claim regarding the towing of his vehicle. (Id. at 3.) Plaintiff states he served the discovery request at issue well before the deadline and made multiple attempts to meet and confer with defendants regarding the missing footage. (Id. at 2.) When defendants refused to provide the additional video or confirm that none exists through a sworn statement, he then sought court intervention. (Id.)

Plaintiff's request for the camera footage satisfies relevancy requirements and is within the scope of discovery. Thus, the court turns to defendants' objections.

Defendants argue the discovery request at issue inappropriately requested documents and video. (ECF No. 26 at 3.) Defendants note that under the scheduling order for this case, discovery closed on July 23, 2025, and thus that plaintiff's motion to compel is untimely filed. (Id.) Defendants also state they conducted a search of police department files of all material related to the incident and produced every video and report to plaintiff. (Id.) They argue production of something that does not exist cannot be compelled and that there is no requirement for them to provide a sworn statement that all videos have been produced. (Id. at 3-4.) Defendants request an order that plaintiff pay reasonable expenses in the amount of $350.00 incurred in opposing this motion. (Id. at 4.)[1]

---

[1] Ordinarily, such a request is better brought by regularly noticed motion with appropriate supporting documentation. The present request will be denied because plaintiff's motion to compel is being granted in part.

3

1   The court agrees with defendants that the motion to compel filed on July 18, 2025 was
2   untimely filed because discovery closed on July 23, 2025. However, the court liberally construes
3   plaintiff's pro se discovery motion as requesting to modify the case schedule. See, e.g., Simmons
4   v. Arnett, No. 2:16-CV-02858-R-KES, 2018 WL 6133677, at *2 (C.D. Cal. Apr. 24, 2018)
5   (liberally construing a pro se discovery motion).

6   Plaintiff timely served the discovery request at issue and was reasonably diligent in
7   pursuing this discovery dispute, despite untimely filing the present motion to compel. The court
8   finds good cause to modify the pretrial scheduling order for the purpose of addressing the pending
9   motion to compel. See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d
10  604, 609 (9th Cir. 1992).

11  To the extent defendants argue the discovery request at issue improperly requested
12  documents and video, the court overrules the objection. Plaintiff's March 14, 2025 discovery
13  request was styled as a request for admissions, rather than a request for production of documents
14  under Rule 34 of the Federal Rules of Civil Procedure. Defendants do not make clear whether
15  they objected to the original discovery request on this basis. Regardless, "[d]efendants had an
16  obligation to construe Plaintiff's discovery requests in a reasonable manner." Cache La Poudre
17  Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 618 (D. Colo. 2007).

18  Defendants' remaining argument is that the video sought does not exist. "Under ordinary
19  circumstances, a party's good faith averment that the items sought simply do not exist, or are not
20  in his possession, custody, or control, should resolve the issue of failure of production since one
21  'cannot be required to produce the impossible.'" Berger v. Home Depot USA, Inc., No.
22  SACV10678SJOPLAX, 2010 WL 11558000, at *7 (C.D. Cal. Oct. 7, 2010) (quoting Zervos v. S.
23  S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) and LaChemise Lacoste v. Alligator Co.,
24  60 F.R.D. 164, 172 (D. Del. 1973)). "[A] mere suspicion that additional documents exist is an
25  insufficient basis to grant a motion to compel." London Wallace v. City of Fresno, No. 1:19-CV-
26  01199-AWI-SAB, 2021 WL 916244, at *4 (E.D. Cal. Mar. 10, 2021).

27  The additional video footage at issue may not exist, under which circumstances
28  defendants cannot be compelled to produce it. However, plaintiff makes a colorable showing of

4

1 his basis for believing a second video exists and is being withheld. In the court's broad discretion
2 to manage discovery, the court will grant in part plaintiff's motion to compel and require
3 clarification about the search conducted. See generally Dichter-Mad Fam. Partners, LLP v.
4 United States, 709 F.3d 749, 751 (9th Cir. 2013) ("broad discretion is vested in the trial court to
5 permit or deny discovery").

6     "In responding to document requests a party must make a reasonable inquiry to determine
7 whether responsive documents exist, and if they do not, the party should so state with sufficient
8 specificity to allow the Court to determine whether the party made a reasonable inquiry and
9 exercised due diligence." London Wallace v. City of Fresno, No. 1:19-CV-01199-AW-ISAB,
10 2021 WL 916244, at *5 (E.D. Cal. Mar. 10, 2021) (cleaned up) (quoting Rogers v. Giurbino, 288
11 F.R.D. 469, 485 (S.D. Cal. 2012)). When a party does not have responsive documents reasonably
12 believed to exist, district courts have sometimes required the party to come forward with an
13 explanation of the search conducted. E.g., London Wallace, 2021 WL 916244, at *6. The
14 preference for such information is through "declarations under oath detailing the nature of the
15 efforts to locate responsive documents." EnvTech, Inc. v. Suchard, No. 3:11-CV-00523-HDM,
16 2013 WL 4899085, at *5 (D. Nev. Sept. 11, 2013).

17     Here, defendants' written response to the March 14, 2025 discovery request is not before
18 the court. Nothing before the court allows the court to determine whether defendants made a
19 reasonable inquiry and exercised due diligence in their search for the additional video footage
20 which they state does not exist. The court will order defendants to provide evidence regarding the
21 search already conducted and/or any additional search that demonstrates reasonable inquiry was
22 made and due diligence exercised. This evidence shall take the form of a declaration under oath
23 by the searcher or other person with personal knowledge.

24    **IV.    Order**
25     In accordance with the above, IT IS ORDERED as follows:
26     1.    The court VACATES the hearing on the motion to compel set to take place on
27 August 20, 2025.
28 ////

2. The court liberally construes plaintiff's motion to compel (ECF No. 24) as requesting to modify the pretrial scheduling order and the court reopens discovery solely pertaining to plaintiff's March 14, 2025 discovery request.

3. The court GRANTS in part plaintiff's motion to compel (ECF No. 24) and orders defendants to file the evidence discussed above within 14 days of the date of this order. In all other respects, the motion is denied.

4. The court DENIES defendants' request for reasonable expenses incurred in opposing the motion to compel.

5. The pretrial scheduling order is further modified as follows: If necessary, plaintiff must file any further motion to compel by September 10, 2025. All law and motion, except as to discovery-related matters, shall be completed (i.e. set to be heard) by February 25, 2026. In all other respects, the terms of the pretrial scheduling order filed on January 27, 2025, remain in effect.

Dated: 08/12/25

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, andr23cv1403.mtc