UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDREYEV,<br><br>            Plaintiff,<br><br>    v.<br><br>AMY VAN, et al.,<br><br>            Defendants. | No.  2:23-cv-1403-CKD (PS)<br><br><br>ORDER |

Plaintiff Eugene Andreyev proceeds without counsel and seeks relief under 42 U.S.C. § 1983. On September 4, 2025, plaintiff filed a second motion to compel pertaining to his discovery request for police officer body-worn camera footage. (ECF No. 30.) Plaintiff's second motion to compel is not noticed for a hearing and does not reflect the procedures set forth in Local Rule 251. However, having reviewed plaintiff's motion, the court will deny the second motion to compel on the merits without a hearing or further briefing.

**I.    Background**

Plaintiff filed the operative second amended complaint ("SAC") on February 1, 2024. (ECF No. 6.) The court determined the allegations state a claim for a violation of plaintiff's Fourth Amendment rights in connection with the seizure of his vehicle. Plaintiff proceeds against defendants Turcotte, Klockenbrink, and Jackson of the Citrus Heights Police Department.

////

On March 14, 2025, plaintiff timely served a written discovery request to defendants. (ECF No. 24-1.) On July 18, 2025, plaintiff filed his first motion to compel. (ECF No. 24.) After the parties filed their joint statement on the dispute, the court granted the motion in part on August 12, 2025. (ECF No. 26.) In particular, the court ordered defendants to provide evidence regarding the search for the body-worn camera footage plaintiff had requested. (Id.) Defendants filed their evidence on August 26, 2025. (ECF No. 29.) Plaintiff filed his second motion to compel on September 4, 2025. (ECF No. 30.)

II.    **Discussion**

Plaintiff argues he has still not received "full and unaltered recordings from all officers on scene" of his August 3, 2022, arrest. (ECF No. 30 at 1.) However, the court has reviewed the evidence submitted by defendants and finds they have complied with their discovery obligations and the court's order dated August 12, 2025.

A party's good faith averment that items sought do not exist, or are not in his possession, custody, or control, is not a failure of production since a party "cannot be required to produce the impossible." Berger v. Home Depot USA, Inc., No. SACV10678SJOPLAX, 2010 WL 11558000, at *7 (C.D. Cal. Oct. 7, 2010) (quoting Zervos v. S. S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) and LaChemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973)). "[A] mere suspicion that additional [responsive discovery items] exist is an insufficient basis to grant a motion to compel." London Wallace v. City of Fresno, No. 1:19-CV-01199-AWI-SAB, 2021 WL 916244, at *4 (E.D. Cal. Mar. 10, 2021).

Plaintiff's mere suspicion that he has not received all requested camera footage is an insufficient basis to grant his second motion to compel. Accordingly, the motion will be denied.

In accordance with the above, IT IS ORDERED that plaintiff's motion to compel filed on September 4, 2025 (ECF No. 30) is DENIED.

Dated:  September 10, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, andr23cv1403.mtc.2

2