UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE E. ANDRYEV, | No.  2:23-cv-1403 CKD |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| AMY VAN, et al., | |
| Defendants. | |

Proceeding without counsel, plaintiff Eugene Andryev filed this civil rights action under 42 U.S.C. § 1983. This case is before the undersigned for all purposes including trial and entry of judgment pursuant to the parties' consent and the consent minute order dated September 11, 2024. (ECF No. 16.) Defendants' motion for summary judgment is before the court. (ECF No. 32.) The court previously found the motion suitable for decision without oral argument. (ECF No. 37.) For the reasons set forth below, the motion is granted.

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action on July 13, 2023. (ECF No. 1.) Plaintiff filed the operative second amended complaint on February 1, 2024. (ECF No. 6.) On March 29, 2024, the court dismissed the claims against defendant Van and the claims alleging due process and equal protection violations under the Fourteenth Amendment without further leave to amend. (ECF No. 14.) Plaintiff proceeded solely on a Fourth Amendment claim arising out of a vehicle seizure.

1

Defendants Turcotte, Klockenbrink, and Jackson ("defendants") filed the motion for summary judgment on January 21, 2026. (ECF No. 32.) Plaintiff opposed the motion. (ECF Nos. 33, 34, 36.) Defendants filed a reply. (ECF No. 35.)

**LEGAL STANDARDS FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to obtain summary judgment, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

## UNDISPUTED FACTS

On August 3, 2022, at approximately 3:47 a.m., Citrus Heights Police Officers Klockenbrink and Jackson conducted a traffic stop of plaintiff's vehicle which had no license plates displayed. (Defendants' Undisputed Material Fact (DUMF) 1 (see DUMF, ECF No. 32-2).)

Plaintiff stopped his vehicle on a residential street, partially blocking a residential driveway. (DUMF 2.) After identifying plaintiff as the driver, the officers learned that he had an outstanding felony warrant from El Dorado County. (DUMF 3.) Officers also discovered illegal narcotics and narcotics paraphernalia in the vehicle. (DUMF 4.) Plaintiff was placed under arrest due to the felony warrant and on violations of Health and Safety Code sections 11364, 11350, 11377, and 11375(a)(2). (DUMF 5.) Citrus Heights Police Department Policy No. 510.2.3 in effect at the time allowed for the vehicle to be towed from the arrest scene and stored by the Citrus Heights Police Department "when the community caretaker doctrine would reasonably suggest that the vehicle should be stored (e.g., traffic hazard, high crime area)." (DUMF 6.) Plaintiff's passenger in the vehicle could not produce a valid driver's license. (DUMF 7.) Officers Jackson and Klockenbrink towed plaintiff's vehicle from the scene and had it placed in storage for him to retrieve. (DUMF 8.) Chief Turcotte was not at the scene and was not involved in the towing of plaintiff's vehicle. (DUMF 9.)

**DISCUSSION**

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005).

"A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions. The burden is on the Government to persuade the district court that a seizure comes under one of a few specifically established exceptions to the warrant requirement." United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citations omitted).

Police officers are permitted to impound vehicles pursuant to the community caretaker exception to the warrant requirement. South Dakota v. Opperman, 428 U.S. 364, 368 (1976); Hallstrom v. Garden City, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (upholding the towing of a car

from a public parking lot following the driver's arrest pursuant to the community caretaking exception). Whether a vehicle may be impounded under the community caretaking doctrine "depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." United States v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008); United States v. Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012); Miranda, 429 F.3d at 862-63 (a purpose of the community caretaking doctrine is to ensure that impoundments are based on something other than suspicion of evidence of criminal activity). Promoting the efficient flow of traffic and removing obstructions to other drivers are valid community caretaking purposes. See United States v. Torres, 828 F.3d 1113, 1118 (9th Cir. 2016).

Defendants argue they towed plaintiff's vehicle on or about August 3, 2022, in accordance with the community caretaking exception. (ECF No. 32 at 4-5.) In the alternative, defendants argue Chief Turcotte had no personal participation in the alleged violation and that they are entitled to qualified immunity. (Id. at 6.)

In opposition to the motion for summary judgment, plaintiff responds to defendants' statement of undisputed facts but does not cite any disputing competent evidence. (ECF No. 34.) A mere claim that a matter is disputed is insufficient to create a factual dispute for trial. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

Plaintiff also submitted a declaration in response to the motion. (ECF No. 36.) For purposes of this motion, the court credits the statements in plaintiff's declaration signed under penalty of perjury to the extent they are based on plaintiff's personal knowledge of specific, admissible facts. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Lopez v. Smith, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000). However, statements that are legal conclusions and statements that are speculative assertions do not raise a genuine dispute of fact. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted). Similarly, an argument unsupported by competent evidence does not suffice to create a dispute of material fact. See Flaherty v. Warehousemen, Garage & Service Station Employees' Local Union No. 334, 574 F.2d 484, 486 n. 2 (9th Cir. 1978) (assertions made in legal memoranda are not evidence).

Plaintiff states his vehicle was legally parked and not blocking traffic. However, plaintiff does not dispute that his vehicle was partially blocking a residential driveway, as shown in the video evidence cited by defendants and lodged with the court in support of their motion. In addition, plaintiff does not dispute the vehicle had no license plates displayed in violation of California law that requires a license plate or plates be properly displayed on a vehicle. See California Vehicle Code section 5200. Towing the vehicle under these circumstances without a warrant was justified under the community caretaking exception to the warrant requirement. See Clement v. City of Glendale, 518 F.3d 1090, 1094 (9th Cir. 2008) (conditions that make a tow necessary and appropriate include that the car is parked in the path of traffic or blocking a driveway); Miranda, 429 F.3d at 865 ("An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location.").

Plaintiff did not suffer a Fourth Amendment violation arising out of the towing of his vehicle on or about August 3, 2022. Because the court grants summary judgment for defendants on this ground, the court does not reach defendants' alternate arguments asserting qualified immunity and lack of personal participation by defendant Turcotte.

### ORDER

In accordance with the above, IT IS ORDERED as follows:

1. Defendants' motion for summary judgment (ECF No. 32) is GRANTED.

2. The Clerk of the Court shall enter judgment for defendants and close this case.

Dated:  June 4, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 andr23cv1403.msj

6